UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY J. LEHEY,

                    Plaintiff,

-against-

NORTHWELL HEALTH, INC., and NORTH SHORE LIJ ANESTHESIOLOGY, P.C.,

                    Defendants.

**OPINION & ORDER**

23-CV-04708 (PMH)

PHILIP M. HALPERN, United States District Judge:

Timothy Lehey ("Plaintiff") commenced this action against Northwell Health, Inc., Northwell Health Anesthesiology, P.C.,[1] and North Shore-LIJ Anesthesiology, P.C., on June 5, 2023, pressing claims for discrimination on the basis of disability under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 *et seq*., and the New York State Human Rights Law ("NYSHRL"), as well as violations of the New York State Department of Health Order for Summary Action dated August 18, 2021. (Doc. 1, "Compl."). On December 1, 2023, Northwell Health, Inc., and North Shore-LIJ Anesthesiology, P.C., (together, "Northwell" or "Defendants") moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On April 19, 2024, the Court denied Defendants' motion to dismiss as to the First and Second Claims for Relief (ADA and NYSHRL Discrimination) and granted Defendants' motion to dismiss as to the

---

[1] On October 31, 2023, Plaintiff voluntarily dismissed the action without prejudice against Northwell Health Anesthesiology, P.C. (Doc. 17).

1

Third Claim for Relief (Violation of New York State Department of Health Order for Summary Action). (Doc. 26, "Prior Order").[2]

On May 10, 2024, having been granted an extension of time to so move (Doc. 28), Defendants filed a motion for reconsideration concerning the portion of the Prior Order that denied Defendants' motion to dismiss as to the First and Second Claims for Relief. (Doc. 31; Doc. 32, "Def. Br.").[3] The motion was fully submitted upon the filing of Plaintiff's opposition to Defendants' motion for reconsideration on May 24, 2024. (Doc. 34, "Pl. Br.").[4]

For the reasons stated herein, Defendants' motion for reconsideration is DENIED.

## **STANDARD OF REVIEW**

A motion for reconsideration "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. at 376 (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "Reconsideration . . . is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

---

[2] The Prior Order is available on commercial databases. *See Lehey v. Northwell Health, Inc.*, No. 23-CV-04708, 2024 WL 1703697, at *1 (S.D.N.Y. Apr. 19, 2024). However, for ease of reference, the Court cites herein the copy of the Prior Order filed on the docket.

[3] Citations to the parties' filings correspond to the pagination generated by ECF.

[4] The Court assumes the parties' familiarity with the underlying facts and procedural history of this action. Unless otherwise indicated, defined terms and citations herein to documents submitted on the underlying motion have the same meanings and utilize the same format ascribed to them in the Prior Order.

resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that the "[t]he standard for granting [a reconsideration] motion is strict . . . ."). Moreover, a motion for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST (2005) Inc.*, 597 F. Supp. 2d at 365.

## ANALYSIS

Defendants advance a single argument in support of their motion for reconsideration—that "[t]he Court overlooked email communications incorporated by reference into Plaintiff's Complaint that specifically and chronologically contradict the factual foundation of the Court's Order." (Def. Br. at 4).[5] Specifically, they argue that the Court overlooked those communications' "impact on the chronological narrative." (*Id.*). The Court did not overlook, but did not explicitly analyze in detail the content of those email communications in the Prior Order. "The Court is not required to delineate every reason for the decisions it makes; it is in the Court's discretion to respond specifically-or not-to arguments made by the parties." *Devinsky v. Kingsford*, No. 05-CV-02064, 2008 WL 2704338, at *3 (S.D.N.Y. July 10, 2008). Indeed, the Court stated: "While Defendants purport to show that Plaintiff did in fact receive responses to his written questions about the availability of a medical exemption, there remains an uncontroverted allegation that

---

[5] Defendants argue in the same breath that the Court "mischaracterize[d]" these communications which it supposedly overlooked. (Def. Br. at 8-9; Pl. Br. at 9).

Plaintiff was verbally advised by Brown that Defendants were not accepting medical exemption requests." (Prior Order at 7).

Plaintiff alleged that he was verbally advised by Rebecca Brown, the Site Human Resources Director for Northwell, that Northwell was not accepting medical exemption requests. (Compl. ¶¶ 37, 40). Thereafter, between August 29, 2021 and September 1, 2021, Plaintiff exchanged emails with Kristina Freeman, then Director of Human Resources at Northwell, regarding the availability of a medical exemption. (Freeman Decl. ¶¶ 1, 3, Ex. A). The content of those email communications (which are the subject of the instant motion) show that Plaintiff had a meeting with Freeman regarding the vaccination mandate and that following the meeting Freeman forwarded Plaintiff a form entitled "Medical Accommodation Request Form." (*Id.*).

As a threshold matter, the email communications provide no information as to the substance of Plaintiff's verbal communications with Brown and Freeman. The mere fact that Freeman provided Plaintiff a medical accommodation request form does not, as Defendants contend, "refute any notion that Plaintiff was prevented from seeking a medical accommodation or advised that Northwell was not accepting medical accommodation requests." (Def. Br. at 10). Nor does the provision of such form—absent any substantive information about what was said at the meeting—necessarily negate Plaintiff's allegation that Northwell was not accepting medical exemption requests. Even considering that the medical accommodation request form was provided later in time than the verbal communication with Brown, the possibility is not foreclosed that Plaintiff refrained from submitting the form based on verbal statements made by Northwell employees. Once discovery is completed, it may well be that the verbal communication that Northwell was not accepting medical accommodation applications is negated by some other proof.

4

However, at the motion to dismiss stage Plaintiff has plausibly alleged claims for relief centered on that statement.

Therefore, even taking into account the substance of the email communications and the chronology of events, the Court's conclusion as to Plaintiff's First and Second Claims for Relief remains the same.

## **CONCLUSION**

For the foregoing reasons, the motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate the pending motion sequence (Doc. 31).

Dated: White Plains, New York
       June 7, 2024

SO ORDERED:

_____
Philip M. Halpern
United States District Judge