JACK S. DWECK*
H.P. SEAN DWECK**

CHRISTOPHER S. FRASER***

ROURKE FEINBERG****

ERIC J. SCHMERTZ
   1925-2010
.
  *  ADMITTED TO NY CONN. AND FLA. BARS
 ** ADMITTED TO NY, N.J. AND PA. BARS
*** ADMITTED TO NY AND NJ BARS
**** ADMITTED TO NY BAR

THE DWECK LAW FIRM, LLP

1 ROCKEFELLER PLAZA

WESTCHESTER OFFICE

---

> Application granted. A conference is scheduled for February 18, 2025 at 12:00 p.m. concerning the matters raised in the parties' joint letter (Doc. 54). The conference will be held in-person in a Courtroom to be determined at the White Plains courthouse.
>
> The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 54.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         February 6, 2025

---

*Via ECF*
Hon. Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Avenue
White Plains, NY 10601

      **Re: Lehey v. Northwell et. al. (PMH) 23-cv-04708**

Honorable Judge Halpern:

      This joint letter is submitted pursuant to your Individual Practice Rule 4D regarding discovery related disputes between Plaintiff and Defendants. As set forth below, Plaintiff is requesting a conference or permission to make a motion to compel discovery and Defendants are seeking a protective order.

      Pursuant to Fed. R. Civ. P. 37(a)(1) counsel for the respective parties met and conferred as follows: Via email November 5, 2024 and January 17, 2025; Via Zoom November 21, 2024 for approximately 45 minutes; Via Zoom January 29, 2025 for approximately 45 minutes.

      **PLAINTIFF'S REQUEST FOR A CONFERENCE OR PERMISSION TO MAKE A MOTION REGARDING DISCOVERY**

      Plaintiff seeks the assistance of the Court with respect to certain Interrogatories and Document Demands to which Defendants have objected. Despite numerous meet and confer discussions the Defendants have not changed their position. Therefore, the Plaintiff seeks the assistance of the Court by

conference or permission to make a motion to compel substantive responses. A summary of the Interrogatories and Document Demands in question are set forth below.

## Plaintiff's Interrogatories to Defendants

**Numbered 3 & 4** seeks the identity of the individuals who applied or who were granted exemptions. During one of our meet and confer discussions I was amenable to identifying the individuals by a number or other method so as to maintain the privacy of the individuals. This request is directly related to the allegations in the Complaint where Plaintiff has alleged that he was advised that Defendants were not accepting medical exemptions.

**Number 5** seeks the names of other employees who were terminated for not getting the vaccine.

**Number 7** seeks the identification of other claims or lawsuits with the same allegations as are pled in this case.

**Number 11** seeks the identification of the documentary evidence referred to in Defendants' seventeenth affirmative defense which asserts "after acquired evidence."

## Plaintiff's Document Demands to Defendants

**Redactions**: Defendants redacted Pages DEF 70 and 72 in their production but did not provide any privilege log regarding the nature of the redactions.

**Demand No. 4** requested other charges of discrimination and related documents arising out of an employee not taking the vaccination. Defendants objected producing any other charge other than Plaintiffs.

**Demand No. 5** requested documents that would identify the names of each employee or former employee of Defendants who requested an exemption from the Covid 19 vaccination other charges of discrimination arising out of an employee not taking the vaccination. This demand seeks the same information as Interrogatory numbered 3 & 4 above.

**Demand No. 6** requested documents that would identify the names of each employee or former employee of Defendants who requested an exemption from the Covid 19 vaccination and was granted the exemption. This demand seeks the same information as Interrogatory numbered 3 & 4 above.

**Document Demand No. 7** requests documents that would identify the names of each employee or former employee of Defendants who were provided a leave of absence in lieu of taking the Covid 19 vaccination.

**Document Demand No. 8** requested a copy of any insurance policy, the declaration page and/or reservation of rights letter with respect to the claims asserted in this matter.

With respect to Document Demand No. 8, Defendants have agreed to provide this information but have not yet done so.

## Plaintiff's Request for a 30(b)(6) Deposition

Plaintiff has sought a 30(b)(6) 30(b)(6) on the following subject matters during the time period of March 2020 through the present:

- Defendants' policies concerning discrimination in the workplace;
- Defendants' policies concerning Covid Vaccination requirements;
- Defendants' policies concerning Covid Vaccination exemptions.

Defendants have objected as not relevant to the issues in the lawsuit.

## DEFENDANTS' REQUEST A PROTECTIVE ORDER

The Court succinctly framed the relevant legal question at issue in this lawsuit: whether Defendants subjected Plaintiff to disability discrimination by not permitting him to request a medical exemption from the DOH Mandate. Thus, Plaintiff's broad-based requests for discovery seeking (1) the names of employees who submitted a request for a medical exemption, were denied a medical exemption, or were granted a medical exemption; (2) the names of employees who submitted a request for a religious exemption from the DOH Mandate, were denied a religious exemption, or were granted a religious exemption; (3) the name of employees who were provided a leave of absence in lieu of taking the COVID-19 vaccine; (4) the lawsuits or charges of discrimination filed against Defendants by any employee who did not receive the COVID-19 vaccine, irrespective of whether they applied or did not apply for a medical or religious exemption;

and (5) the names of employees whose employment was terminated for not receiving the COVID-19 vaccine,[1] are simply irrelevant and not proportional to the needs of this case, and merely a means to invade hundreds of employees' privacy (including their medical and religious privacy). And, given that Plaintiff *never* applied for a medical exemption from the DOH Mandate, any information concerning the number of people who requested, were denied, or were granted a medical exemption (or even a religious exemption), along with their identities, makes Plaintiff's requests even more irrelevant and disproportional to the needs of the case. They are simply a fishing expedition. Defendants have explained their objections to Plaintiff, and to date, Plaintiff has been unable to articulate a rational basis for why such broad-based discovery makes Plaintiff's claim more or less probable.

Indeed, based on Plaintiff's Complaint and responses to Defendants' Requests for Admission, he contends he was told in *August* 2021 that Defendants were not accepting medical exemption requests. However, documentary evidence exchanged in discovery has revealed that: (1) Plaintiff stated on September 11, 2021 that he was completing a medical exemption request form that Defendants provided to him on September 1, 2021; (2) Defendants asked Plaintiff on September 17, 2021 if he submitted the completed request form; and (3) Plaintiff responded: "***No, I have not submitted a medical exemption. It seems to me that the question of a medical exemption is a non starter for the few physicians I have spoken to. I will not ask any of my physicians to do anything that they are not comfortable with***." (Emphasis added). In other words, evidence points to Plaintiff's voluntary decision not to request a medical exemption.

Thus, the broad-based discovery requested by Plaintiff does not make it more or less

---

[1] This number is approximately 1,400 people. See N.Y. Times, New York's largest health care provider fires 1,400 unvaccinated employees (Oct 4. 2021, updated Oct. 6, 2021), available at https://www.nytimes.com/2021/10/04/nyregion/northwell-employees-fired.html (last visited Feb. 3, 2025).

probable that Defendants subjected Plaintiff to disability discrimination by not permitting him to request a medical exemption from the DOH Mandate. FED. R. CIV. P. 26(b)(1). Likewise, Plaintiff's request for a 30(b)(6) deposition on Defendants' policies concerning discrimination, COVID-19 vaccination requirements, and COVID-19 vaccination exemptions is baseless, and this deposition would do nothing to answer the simple legal question presented by the Court. Instead, Defendants recommended to Plaintiff that he serve a simple request for admission: Admit Defendants were accepting medical exemption requests from the DOH Mandate through September 2021.

Even if Plaintiff could identify some way the information might relate to his claims (which he has not done), the information he seeks includes sensitive, private data regarding hundreds of employees' health conditions and religious beliefs. Plaintiff's pursuit of information regarding other employees is nothing more than a fishing expedition to seek some basis to continue pursuing objectively unfounded and costly claims against Defendants. As such, Defendants ask the Court permission to move for the entry of a protective order, which includes the preclusion of Plaintiff asking any fact witness about the requested information during depositions.

Respectfully submitted,

| The Dweck Law Firm, LLP | Littler Mendelson, P.C. |
|---|---|
| */s/ HP Sean Dweck* | */s/ Daniel Gomez-Sanchez* |
| H.P. Sean Dweck | Daniel Gomez-Sanchez |
| | Samantha DeRuvo |
| | Brittany Frank |